21-839-cv
Salim v. Mobile TeleSystems PJSC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-two.

PRESENT:  DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
          JOSEPH F. BIANCO,
                    *Circuit Judges*.

-----------------------------------------------------------------

SHAYAN SALIM, INDIVIDUALLY
AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

                    *Plaintiff-Appellant*,

HUNNEWELL PARTNERS (UK)
LLP,

                    *Movant-Appellant*,

                    v.                          No. 21-839-cv

MOBILE TELESYSTEMS PJSC, ANDREI A.

DUBOVSKOV, ALEXEY V. KORNYA, ANDREY KAYMENSKY,

*Defendants-Appellees.*

-------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT &
MOVANT-APPELLANT:                LAURENCE M. ROSEN, The
                                 Rosen Law Firm P.A., New
                                 York, NY

FOR DEFENDANTS-APPELLEES:        ROMAN MARTINEZ, Latham &
                                 Watkins LLP, Washington,
                                 D.C. (Andrew B. Clubok,
                                 Latham & Watkins LLP,
                                 Washington, D.C.; Samir
                                 Deger-Sen, Jeff G. Hammel,
                                 Kevin McDonough, Alex
                                 Ehmke, Latham & Watkins
                                 LLP, New York, NY, *on the
                                 brief*)

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Shayan Salim and Movant-Appellant Hunnewell Partners (UK) LLP (collectively, "Appellants") appeal from the March 3, 2021 judgment of the United States District Court for the Eastern District of New York

(Donnelly, J.) dismissing their federal securities law claims against Defendants-Appellees Mobile TeleSystems PJSC, Andrei A. Dubovskov, Alexey V. Kornya, and Andrey Kamensky (collectively, "MTS"). Appellants alleged violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (Exchange Act) and the corresponding rule of the Securities and Exchange Commission (SEC), 17 C.F.R. § 240.10b-5. The District Court dismissed Appellants' Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) after concluding that Appellants had failed to allege any actionable misstatements or omissions and any facts establishing a strong inference of scienter. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

According to the SAC, between 2004 and 2012 MTS and some of its executives conspired to pay over $420 million in illegal bribes to an Uzbek official in order to enter and maintain their place in the Uzbek telecommunications market. In 2014 the United States Department of Justice and the SEC began investigating MTS's former operations in Uzbekistan for

3

violations of the Foreign Corrupt Practices Act (FCPA).  As most relevant to this appeal, MTS disclosed the existence of the government investigations in its public filings with the SEC, but it neither estimated nor recorded on its consolidated books and records a reserve for its liability associated with the investigations until just over three months before it entered into a deferred prosecution agreement with the Government.  Appellants also alleged that MTS's decision not to estimate or record a reserve for the liability violated its obligations under Generally Accepted Accounting Principles and the International Financial Reporting Standards.  Appellants further claimed that MTS omitted material information from its publicly filed financial statements, including the docket numbers of two civil forfeiture complaints that referenced MTS's bribes, and that MTS misrepresented the status of the investigations and the nature of its cooperation with the Government.

Like the District Court, we conclude that these allegations fail to state a claim for violations of §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5. Our analysis begins and ends with the requirement that a complaint claiming violations of §§ 10(b) and 20(a) of the Exchange Act must "state with particularity

4

facts giving rise to a strong inference that the defendant[s] acted with" scienter. 15 U.S.C. § 78u-4(b)(2)(A). "[T]o qualify as 'a strong inference,' the inference of scienter must be 'more than merely plausibly or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.'" ECA, Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 198 (2d Cir. 2009) (quoting Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 314 (2007)). "In order to plead scienter adequately," a plaintiff must plead "(1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." Id. Absent facts establishing motive or opportunity, the circumstantial evidence of conscious misbehavior must show "highly unreasonable" behavior that evinces "an extreme departure from the standards of ordinary care." Kalnit v. Eichler, 264 F.3d 131, 142 (2d Cir. 2001) (quotation marks omitted).

Here, in connection with their claim that Appellees acted with scienter, Appellants rely exclusively on their allegations that MTS knowingly or recklessly misrepresented key facts in its financial statements. We agree with the District Court that the facts alleged in the SAC fail to establish MTS's conscious

5

misbehavior. Bare allegations of accounting violations fail to state a claim under §§ 10(b) and 20(a) absent allegations of "corresponding fraudulent intent." Novak v. Kasaks, 216 F.3d 300, 309 (2d Cir. 2000) (quotation marks omitted). While Appellants urge us to conclude that scienter can be inferred here because MTS executives are alleged to have known facts that contradicted their public statements, the SAC is devoid of any factual allegations that with particularity establish that MTS executives knew that they could reasonably estimate their potential liability arising from the government investigations but opted not to do so. At most, the SAC plausibly alleges that MTS executives ought to have known what the accounting standards called for under the circumstances. See ECA, 553 F.3d at 198.

Furthermore, Appellants' claim that the Appellees acted with scienter is contradicted by the uncontested fact that MTS timely disclosed the existence of the government investigations and of the 2015 civil forfeiture complaint that referenced MTS's bribes, and other facts that would inform investors about the potential for liability stemming from the company's operations in Uzbekistan. All of those disclosures support the more reasonable inference that MTS

executives did not seek to conceal the company's potential liability under the FCPA.  Appellants' theory of scienter is thus not nearly as compelling as opposing inferences of nonfraudulent intent.  See Tellabs, 551 U.S. at 314.[1]

We have considered Appellants' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because the SAC did not adequately allege a primary violation—as relevant here, a viable claim under § 10(b)—the District Court correctly dismissed the § 20(a) claim as well.  See Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC, 750 F.3d 227, 236 (2d Cir. 2014).